UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ALEX T. McKAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV409-080 |
| | ) | CR407-428 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Alex T. McKay moves over the government's opposition for 28 U.S.C. § 2255 relief. (Doc. 1; cr. doc. 38.)[1] For the following reasons, his motion should be **DENIED**.

## I. BACKGROUND

McKay was sentenced to 51 months' imprisonment after pleading guilty to one count of bank fraud, a charge stemming from a two-week

---

[1] McKay filed an initial hand-written, non-form § 2255 motion (cr. doc. 38) and then submitted a form-based motion (doc. 1). The government addressed both in its response, as will the Court in this Report and Recommendation. Unless otherwise noted, citations are to the docket in movant's civil case, CV409-080. "Cr. doc." refers to documents filed under movant's criminal case, CR407-428.

1

episode of writing bad checks in the Savannah community. (*Id.* at 1.) After unsuccessfully appealing his sentence, *United States v. McKay*, 300 F. App'x 739 (11th Cir. 2008) (per curiam), he filed the present § 2255 motion asserting a grab-bag of repetitious and conclusory claims:

> (1) Defense counsel was ineffective by: (a) "allowing the government to posthumously add language to the plea agreement, that the defendant did not agree [to];" (b) "allowing, against the vehement instructions of the defendant, the testimony of Rhonda Mills [at sentencing], without objection or cross examination;" (c) "allowing the government to amend the date of plea hearing, as to provide the government with an extra two point enhancement, in the calculation of the prescribed sentence;"
>
> (2) The prosecution committed misconduct since: (a) "the pre-sentence investigation report [("PSI")] is a fraud;" (b) "the government conducted its' [sic] case for no cause of its' [sic] own[,] [n]o independent investigation was conducted by any U.S. official, prior to indictment;" (c) "the U.S. Attorney was a witness at public review of the pr[e]ceeding state case, which was dismissed on the defendant['s] motion, on abuse of the U.S. Constitution['s] Fourth Amendment and, police misconduct;"
>
> (3) The trial judge erred by: (a) "acceptance of the fraudulent [PSI];" (b) "allowance of testimony not in the bound[a]ries of the governments' [sic] indictment, in the consideration of the matter;" (c) "conducting this entire process without a lawfully and factually obtained and infused indictment;"
>
> (4) "The investigation certified but not conducted by the Secret Service, is illegal and the initial and only investigation conducted by the (SCMPD) Savannah Chatham Police Department,

committed direct violations of the U.S. Constitution[']s Fourth Amendment, by unlawfully obtaining property of the defendant without warrant nor consent;"

(5) "Regardless of the district court[']s findings (which are unsubstantiated), the evidence does not support any lawful allegation, prior to arrest;"

(6) "This matter[']s origins, the state case, was dismissed on defense motion, regarding illegal search and seizure. The basis of all information and investigation, [sic] was dismissed on Fourth Amendment grounds rendering the investigation in the federal court (as it is the same), illegal, regardless of the certifying by the Secret Service;" and

(7) "Counsel, government, and court, are unlawful for committing all issues after investigation has been found illegal on constitutional grounds. All parties listed failed to assert the lawful applications in this matter. Although fully cognizant of the full circumstances, issues, and outcomes, of the original matter in the state."

(Cr. doc. 38; doc. 1.)

## II. <u>ANALYSIS</u>

Most of McKay's claims were waived by his guilty plea or are so conclusory that they do not warrant relief.[2]

### A. Waived Claims

---

[2] In addition, most of his claims are procedurally defaulted, since he did not raise them on appeal. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). His claims of ineffective assistance of counsel, however, are not subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

3

It is a fundamental precept of criminal law that a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563 at 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Here, McKay entered a plea of guilty but did not reserve the right to appellate review of his claims. (Cr. doc. 47.) Accordingly, his pre-plea constitutional claims may only attack the plea itself by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea."[3] *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). McKay, however, offers no specific, non-conlusory instances of faulty pre-plea advice from counsel, as discussed below. Moreover, McKay admitted on the record that the plea was voluntary and intelligent:

> JUDGE: Mr. McKay, are you pleading guilty freely and voluntarily?
>
> MCKAY: Yes, Your Honor, I am.
>
> JUDGE: Has Mr. Osteen, your lawyer, tried to force you or push you into pleading guilty?
>
> MCKAY: No, he has not.

(Cr. doc. 47 at 20.) McKay's "solemn declarations" before the district judge "carry a strong presumption of verity" and rightly constitute a "formidable barrier" for McKay to overcome in these collateral

---

[3] McKay does not point to any jurisdictional defects in the proceedings. *See United States v. White*, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.").

proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (unpublished) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). With nothing but conclusory assertions, McKay has not overcome that presumption. *See, e.g.*, *Byrd v. United States*, 2008 WL 4326533 at * 3 n. 5 (S.D. Ga. Sept. 22, 2008) (unpublished).

Accordingly, McKay waived his claims regarding the suppression issue, the sufficiency of the evidence, and the indictment. Thus, grounds 2(b), 2(c), 3(c), 4, 5, 6, and 7 (insofar as it alleges prosecutorial and trial court error; ineffectiveness is discussed below) were waived and are non-cognizable.

### B.  Unparticularized Claims

All of McKay's claims are conclusory. Most importantly, he failed to particularize his ineffective assistance of counsel claims in grounds 1 and 7. (Doc. 1 at 4-5; cr. doc. 38 at 1-2.) For instance, McKay does not specify the unauthorized language that the government allegedly added to the plea agreement, the basis upon which counsel could have objected to Rhonda Mills's appearance at sentencing,[4] the testimony counsel could

---

[4] Mills was called in to testify at sentencing as to certain past relevant conduct. McKay stayed at her hotel and uttered a series of bad checks as payment. (Cr. doc. 30

6

have uncovered through cross-examining Ms. Mills, or how the plea hearing date change gave rise to a two-point sentencing enhancement. Nor does he particularize his allegation regarding counsel's supposed failure to pursue certain investigatory and suppression issues. His failure to particularize the pre-plea ineffectiveness claims is fatal to any challenge to the plea itself, as discussed above.

Counsel and waiver issues aside, McKay also insists throughout his motion that the federal prosecution was tainted by accepting evidence garnered illegally by the state during its parallel prosecution. (Doc. 1 at

---

at 7-11.) While he admitted to the majority of Mills's allegations, he took exception to one such transaction. Mills stated that she cashed a $100 check for McKay. (*Id.* at 10; PSI ¶ 4.) McKay submitted written objections to the PSI on that ground. (Cr. doc. 30 at 6.) The government called Ms. Mills to testify as to the incident. (*Id.* at 7-11.) The sentencing judge credited her testimony and held that McKay falsely denied relevant conduct and could therefore not receive a downward sentencing adjustment for acceptance of responsibility. (*Id.* at 13.) McKay challenged the ruling on appeal, but the Eleventh Circuit affirmed the sentence. *McKay*, 300 F. App'x at 740 ("we will not upset the credibility determination of the district court absent clear error, and there is no showing that the court made such an error regarding the credibility determination of either Rhonda Mills or McKay").

McKay's attorney objected to the district judge's acceptance of Mill's testimony, though he did not object to the decision to allow her to testify in the first place. Specifically, he argued that the activity she alleged was unindicted and that McKay admitted to responsibility for the charged conduct, so her testimony should not impact the acceptance of responsibility determination. (Cr. doc. 30 at 12-13.) The district judge dismissed the argument. (*Id.*) Upon reviewing the record, counsel made a sound tactical decision in managing McKay's defense at sentencing, and McKay cannot and has not pointed to any prejudice resulting therefrom.

4-5; cr. doc. 38 at 2.) McKay does not specify, however, the basis for the Fourth Amendment suppression in the state case.[5] He also insists that the federal indictment was flawed, but he offers no specific errors. Nor does he explain how the evidence against him was insufficient to cover the elements of the offense for which he was convicted or why the lack of an independent federal investigation was improper. Too, McKay's blanket assertion that the presentence investigation report is a fraud is unparticularized and without merit.

Such self-serving and conclusory claims do not merit a hearing, much less § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United*

---

[5] McKay states that the initial investigation conducted by the Savannah Chatham Metropolitan Police Department was conducted without a warrant or consent. (Doc. 1 at 5.) Even if that were true, there are many exceptions to the warrant requirement, which may or may not have applied depending upon the facts of the case -- facts that McKay does not reveal. McKay simply has not alleged non-conclusory facts, that if true, would warrant relief. Additionally, the supposedly fraudulent PSI shows that the state charges were dropped in lieu of federal prosecution (PSI ¶ 1), and his counsel admitted during sentencing that the state charges had simply been nolle prossed and "the federal prosecution in turn took over." (Cr. doc. 30 at 13.)

*States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).[6] Accordingly, McKay's § 2255 motion warrant no relief.

C.  **Consideration of Matters Outside the Indictment**

McKay contends that the sentencing judge erred by considering matters outside the indictment. (Cr. doc. 38 at 2.) As with the rest of his claims, he has offered no factual support. If, however, he is referring to the testimony of Rhonda Mills at sentencing regarding a $100 fraudulent check, the district judge's consideration of the testimony was not in error. First, contrary to McKay's assertion, the activity was within the indictment. (Cr. doc. 1 at 1.) Second, while McKay pled to a different count, a district court may take into account extra-verdict relevant conduct during sentencing if it is admitted or proven by a

---

[6] *Rodriguez* is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

preponderance of the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). "'[T]he preponderance standard is not toothless. It is the district court's duty to ensure that the Government carries this burden by presenting reliable and specific evidence.'" *United States v. Wynn*, 2007 WL 4208637, at *1 (11th Cir. Nov. 30, 2007) (quoting *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996)). Here, the government offered Mills's testimony, the district judge found her credible, and the Eleventh Circuit upheld the district judge's credibility determination. Accordingly, the Court is satisfied that the government carried its burden.

## III. CONCLUSION

For all of the reasons explained above, McKay's § 2255 motion (doc. 1; cr. doc. 38) should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  3rd  day of August, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**